UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 10 B 05807 |
| | ) | Chapter 7 |
| WILLIAM M. KOGOS, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAVID R. BROWN, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary No. 10 A 01317 |
| | ) | |
| JOSEPH CARUSO and | ) | |
| CONSTANCE CARUSO, | ) | |
| | ) | |
| Defendants. | ) | |
| IN RE: | ) | Bankruptcy No. 10 B 00764 |
| | ) | Chapter 7 |
| CANDACE L. KOGOS, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| | ) | |
| DAVID R. BROWN, Trustee | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Adversary No. 10 A 01318 |
| JOSEPH CARUSO and | ) | |
| CONSTANCE CARUSO, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

These matters come before the Court on the cross-motions for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056, which incorporates by reference

-2-

Federal Rule of Civil Procedure 56, filed by Joseph and Constance Caruso ("Defendants") and David R. Brown, the Chapter 7 case trustee ("Trustee") for the bankruptcy estates of William M. Kogas and Candace L. Kogas ("Debtors"). For the reasons set forth herein, the Court grants summary judgment in favor of Trustee, in part, and denies both motions, in part. Concurrently entered herewith is the Court's Final Pretrial Order that sets these adversary proceedings for trial on February 18, 2011 at 1:00 p.m.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings under 28 U.S.C. § 157(b)(2)(F).

## II. FACTS AND BACKGROUND

Debtors were married August 16, 1986. (Tr. 7056-1 statement Ex. B.) Defendants are the parents of Candace, and William is their former son-in-law.

On September 23, 2005, Debtors signed a promissory note (the "Note") in the amount of $40,000, payable to Defendants. (Tr. 7056-1 statement Ex. A.) Debtors were to pay Defendants an amount each month due on a home equity loan taken out from Suburban Bank of Elmhurst. Payment was due and payable for a ten-year period. (*Id.*) The Note provided that in the event any problems arose, the loan would be paid off from the proceeds of the sale of Debtors' home at 4534 Normandy Drive, Lisle, Illinois ("Debtors' Home"). (*Id.*) The

-3-

Note did not specifically grant Defendants a security interest in Debtors' Home nor did it authorize Defendants to record the Note against Debtors' Home.

Debtors obtained a dissolution of their marriage on April 15, 2009. (Tr. 7056-1 statement Ex. B.) The Circuit Court for the Eighteenth Judicial District of DuPage County, Illinois entered a Judgment of Dissolution of Marriage ("Judgment"), fully incorporating a Marital Settlement Agreement voluntarily entered into by Debtors. (*Id.*) The Judgment provided that Debtors' Home was to be sold and twenty-four creditors were to be paid from the proceeds, over $170,000 in total. (*Id.*) The Judgment listed some medical debts as "unknown." Among the debts to be paid from the sale of Debtors' Home were four loans from family members, including Defendants. The Judgment further stated that Debtors were solely and exclusively responsible for payment of their own attorneys' fees incurred in the marital dissolution proceedings. (*Id.*) The Judgment did not provide that the attorneys were to be paid from the sale of Debtors' Home.

Defendants recorded the Note with the DuPage County Recorder of Deeds on July 20, 2009. (Tr. 7056-1 statement Ex. A.) Debtors' Home was sold on August 28, 2009, for $383,000. (Tr. 7056-1 statement Ex. I.) Defendants were paid $40,000 from the sale. (*Id.*) Attorneys representing Debtors during the dissolution of marriage proceedings were also paid a total of $8,524.01 from the sale. (*Id.*) After accounting for all attorneys' fees, commissions and selling costs, U.S. Bank's first mortgage, and Defendants' "second mortgage," $40,460.39 was paid to Debtors to split between themselves. (*Id.*) Of the twenty-four creditors to be paid from the sale of Debtors' Home, only Defendants were paid. (*Id.*)

-4-

Debtors Candace and William Kogos filed voluntary Chapter 7 bankruptcy petitions on January 11, 2010 and February 15, 2010, respectively. On June 18, 2010, Trustee filed adversary proceedings against Debtors. Most, if not all, the same debts, except Defendants', listed to be paid from the sale of Debtors' Home remained on the date of filing, as evidenced by Debtors' schedules. (Tr. 7056-1 statement Exs. D & E.) Debtors' bankruptcy schedules reveal other creditors not listed in the Judgment such as a student loan of over $6,000 and Candace's personal guarantee for a business debt in the amount of $35,000. (*Id.*) Medical debts previously listed as unknown were scheduled as $5,200. (*Id.*)

The Court granted a motion to consolidate the adversary proceedings on August 20, 2010. On August 27, 2010, Defendants moved for summary judgment, and on October 11, 2010, Trustee filed a cross-motion for summary judgment. Defendants failed to timely respond to Trustee's cross-motion for summary judgment.

### III. **APPLICABLE STANDARDS**

A.   **Summary Judgment**

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part as follows:

-5-

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). *See also Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010).

The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Vukadinovich v. Bd. of Sch. Trustees of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002); *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

On a motion for summary judgment, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 507 (7th Cir. 2010) (internal quotation omitted). Summary judgment is the "put up or shut up moment in a lawsuit," when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2010) (internal quotation omitted).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden

-6-

is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 499-500 (7th Cir. 2008); *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (*quoting* Fed. R. Civ. P. 56(c)). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter

-7-

of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990). The manner in which a party can make this showing depends upon which party will bear the burden of persuasion at trial.

If the burden of persuasion at trial would be on the non-moving party, the party moving for summary judgment may satisfy Rule 56's burden of production either by submitting affirmative evidence that negates an essential element of the non-moving party's claim or by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *1518 W. Chicago Ave., LLC v. S. Melrose, LLC (In re 1518 W. Chicago Ave., LLC)*, 427 B.R. 439, 442 (Bankr. N.D. Ill. 2010). When a defendant moves for summary judgment, the plaintiff has the obligation to make out its prima facie case. *Fischer Inv. Capital, Inc. v. Cohen (In re Cohen)*, 334 B.R. 392, 397 (Bankr. N.D. Ill. 2005). The failure of the plaintiff to adduce evidence on each element of the claim results in the entry of summary judgment for the defendant. *Id.* (*citing Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 694 (7th Cir. 2005)).

The parties have filed cross-motions for summary judgment. The motions must be ruled on independently and must be denied if there are genuine issues of material fact. *ITT Indus. Credit Co. v. D.S. Am., Inc.*, 674 F. Supp. 1330, 1331 (N.D. Ill. 1987). Cross-motions for summary judgment do not require the court to decide the case on the motions; the court can deny both motions if both parties have failed to meet the burden of establishing that no genuine issues of material fact exist and that they are entitled to judgment as a matter of law.

-8-

*Id.*; *Pettibone Corp. v. Ramirez* (*In re Pettibone Corp.*), 90 B.R. 918, 922 (Bankr. N.D. Ill. 1988). Also, cross-motions for summary judgment do not warrant the granting of summary judgment where the decision of a question of law depends upon inquiry into surrounding facts and circumstances, and in such instance, summary judgment should be refused until such facts and circumstances have been sufficiently developed to enable the court to be reasonably certain that it is making the correct determination on the question of law. *Nugent v. United States*, 136 F. Supp. 875, 878 (N.D. Ill. 1955). Thus, on their respective motions, Trustee and Defendants each bear the burden of demonstrating the absence of material factual issues and establishing that judgment should be entered in their favor as a matter of law. *See Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 294 (7th Cir. 1998). "All inferences are construed in favor of the party against whom the motion under consideration is made." *Solow v. United States* (*In re Johnson Rehab. Nursing Home, Inc.*), 239 B.R. 168, 172 (Bankr. N.D. Ill. 1999) (*citing Andersen v. Chrysler Corp.*, 99 F.3d 846, 856 (7th Cir. 1996)).

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR 56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1. Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens on the parties. Specifically, the Rule requires the moving party to supplement its motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement "shall consist of short numbered paragraphs, including within each

paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankr.R. 7056-1B. Both Trustee and Defendants filed 7056-1 statements that substantially comply with the requirements of Local Rule 7056. They contain numbered paragraphs setting out assertedly uncontested facts with specific reference to parts of the record. Additionally, they furnished other supporting materials relied upon.

The party opposing a summary judgment motion is required by Local Rule 7056-2 to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 7056-2B; *see also Kasak v. Vill. of Bedford Park*, 563 F. Supp. 2d 864, 867 (N.D. Ill. 2008). Trustee filed the required 7056-2 statement, but Defendants' 7056-2 statement was not timely filed. Therefore, the material facts set forth in Trustee's 7056-1 statement are deemed admitted.

-10-

**B.    11 U.S.C. § 547**

Pursuant to Count I of the complaints, Trustee seeks to avoid the transfer to Defendants as preferential under 11 U.S.C. § 547(b). A trustee may avoid certain preferential transfers made from a debtor's estate before the debtor filed a bankruptcy petition. *See* 11 U.S.C. § 547(b). Specifically, § 547(b) provides as follows:

> (b) Except as provided in subsection (c) and (i) of this section, the trustee may avoid any transfer of an interest of the debtor in property–
> 
> > (1) to or for the benefit of a creditor;
> > (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> > (3) made while the debtor was insolvent;
> > (4) made–
> > > (A) on or within 90 days before the date of the filing of the petition; or
> > > (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> > 
> > (5) that enables such creditor to receive more than such creditor would receive if–
> > > (A) the case were a case under chapter 7 of this title;
> > > (B) the transfer had not been made; and
> > > (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Accordingly, § 547(b) provides that any transfer of an interest of the debtor in property may be avoided if the transfer meets five requirements: (1) it is made to or for the

-11-

benefit of a creditor; (2) it is made for or on account of an antecedent debt owed by the debtor; (3) it was made while the debtor was insolvent; (4) it was made on or within ninety days before the date of the filing of the petition or, if an insider, between ninety days and one year before the date of the filing of the petition; and (5) it enables the creditor to receive more than such creditor would have received if the case were a case under Chapter 7, the transfer had not been made, and the creditor received payment of such debt to the extent provided by the provisions of the Code. *Id.*; *Warsco v. Preferred Tech. Group*, 258 F.3d 557, 564 (7th Cir. 2001); *In re Superior Toy & Mfg. Co.*, 78 F.3d 1169, 1171 (7th Cir. 1996).

The moving party has the burden of proof to establish all elements of § 547(b) by a preponderance of the evidence. *See* 11 U.S.C. § 547(g); *In re Jones*, 226 F.3d 917, 921 (7th Cir. 2000) (*citing In re Badger Lines, Inc.*, 140 F.3d 691, 698 (7th Cir. 1998)). The Bankruptcy Code presumes the debtor to be insolvent, as a matter of law, during the ninety days prior to the bankruptcy petition filing date. 11 U.S.C. § 547(f); *see also Barash v. Pub. Fin. Corp.*, 658 F.2d 504, 507 (7th Cir. 1981). This presumption requires the defendant to present rebuttal evidence, but it does not relieve the plaintiff of the ultimate burden of proof on the third element to establish a prima facie case under § 547(b). *See In re Taxman Clothing Co.*, 905 F.2d 166, 168 (7th Cir. 1990).

The power to avoid preferential transfers is designed to further the Bankruptcy Code's central policy of equality of distribution: "creditors of equal priority should receive pro rata shares of the debtor's property." *Begier v. IRS*, 496 U.S. 53, 58 (1990). "Additionally, by preventing the debtor from favoring certain creditors over others and by ensuring an equal distribution, the preference provision helps reduce 'the incentive to rush

-12-

to dismember a financially unstable debtor.'" *Warsco*, 258 F.3d at 564 (*quoting In re Smith*, 966 F.2d 1527, 1535 (7th Cir. 1992)). "The purpose of allowing preferential transfers to be set aside is to prevent debtors who are tottering toward bankruptcy from playing favorites among their creditors, trying to keep alive a little longer by placating the most importunate ones." *In re Freedom Group, Inc.*, 50 F.3d 408, 410 (7th Cir. 1995).

### C.    11 U.S.C. § 550(a)

Pursuant to 11 U.S.C. § 550(a) in Count II of the complaints, Trustee seeks to recover from Defendants for the benefit of Debtors' estates, the value of the property transferred by Debtors to Defendants. When a transfer is avoided under § 547(b), the next step is to look to § 550(a). Section 550(a) sets forth the parties from whom fraudulent transfers can be recovered, *Fisher v. Hamilton (In re Teknek, LLC)*, 343 B.R. 850, 880 (Bankr. N.D. Ill. 2006), and provides as follows:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property, from–
>     (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>     (2) any immediate or mediate transferee of such initial transferee.

11 U.S.C. § 550(a).

A court must first make a determination whether the transfer was preferential under § 547(b) and, therefore, avoidable before that transfer can be recovered pursuant to § 550(a). Section 550(a) is a secondary cause of action after a trustee has prevailed pursuant to the

-13-

avoidance sections of the Bankruptcy Code. *Santee v. Nw. Nat'l Bank (In re Mako, Inc.)*, 127 B.R. 471, 473 (Bankr. E.D. Okla. 1991). "Section 550(a) stands as a recovery statute only and not as a primary avoidance basis for an action, as it will only survive when coupled with the transfer avoidance sections of the Code." *Id.*

Section 550(a) effectively limits actions to only those that benefit the estate. *P.A. Bergner & Co. v. Bank One, Milwaukee, N.A. (In re P.A. Bergner & Co.)*, 140 F.3d 1111, 1118 (7th Cir. 1998); *Kmart Corp. v. Intercraft Co. (In re Kmart Corp.)*, 310 B.R. 107, 126 (Bankr. N.D. Ill. 2004). Section 550 allows the trustee to recover the entire value of the property transferred, even if it exceeds the debt to the creditor that provided the basis for the action. *Kleven v. Stewart (In re Myers)*, 320 B.R. 667, 670 (Bankr. N.D. Ind. 2005). Even though an action to avoid a transfer may be, and often is, brought in conjunction with an action to recover the property transferred or its value, a court must evaluate the two bases of relief separately. *SKK Liquidation Trust v. Green & Green, LPA (In re Spinnaker Indus., Inc.)*, 328 B.R. 755, 764 (Bankr. S.D. Ohio 2005); *Barber v. McCord Auto Supply, Inc. (In re Pearson Indus., Inc.)*, 178 B.R. 753, 759 (Bankr. C.D. Ill. 1995). "Once the whole transfer has been pulled into the estate, the money is distributed according to the priorities established by the Code and the debtor's own commitments." *In re FBN Food Servs., Inc.*, 82 F.3d 1387, 1396 (7th Cir. 1996).

The Bankruptcy Code does not define "transferee." The Seventh Circuit, however, explains that a "transferee" has "dominion over the money or other asset, the right to put the money to one's own purposes." *Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 893 (7th Cir. 1988). The "initial" transferee is the first entity to have such a dominion

-14-

or right. *Kepler v. Aetna Fin. Co. (In re Ausman Jewelers, Inc.)*, 177 B.R. 282, 286 (Bankr. W.D. Wis. 1995). The Court finds that Defendants were the initial transferees.

## IV. **DISCUSSION**

The Court finds that Trustee has established and Defendants failed to dispute the following elements: the transfer was made to or for the benefit of Defendants; the transfer was made for or on account of an antecedent debt; the transfer occurred between ninety days and one year of the petition dates; and the transfer enabled Defendants to receive more than they would have under Chapter 7 if the transfer had not been made. Three issues remain. The first is whether Defendants were insiders of William Kogos on the date of the alleged transfer. The second is whether the payment to Defendants constituted a transfer for purposes of the Bankruptcy Code. The last is whether Debtors were insolvent on the date of the alleged transfer. The Court addresses each in turn.

### A.    **Insider Status**

Defendants argue that they were not insiders of William Kogos on the date of the alleged transfer because the Judgment dissolving Debtors' marriage was entered three months prior to the date of the alleged transfer so they were no longer his relatives as defined in 11 U.S.C. § 101(45).[1] Trustee argues that Defendants were insiders because the transfer was not at arm's length and the relationship was sufficiently close as to constitute insider status under 11 U.S.C. § 101(31)(A).

---

[1] A relative is defined as an "individual related by affinity or consanguinity within the third degree as determined by the common law, or individual in a step or adoptive relationship within such third degree." 11 U.S.C. § 101(45).

-15-

"Insider" is defined to include, if the debtor is an individual, a relative of the debtor or of a general partner of the debtor, a partnership in which the debtor is a general partner, a general partner of the debtor, or a corporation of which the debtor is a director, officer, or person in control. 11 U.S.C. § 101(31)(A).

The Bankruptcy Code's definition of an insider is intended to be illustrative rather than exhaustive. *In re Krehl*, 86 F.3d 737, 741 (7th Cir. 1996). Therefore, the definition extends to non-statutory insiders as well. Courts focus on two factors in determining whether a person is a non-statutory insider: (1) the closeness of the relationship between the parties; and (2) whether the transaction was negotiated at arm's length. *In re S. Beach Sec., Inc.*, 606 F.3d 366, 377 (7th Cir. 2010); *Krehl*, 86 F.3d at 741. Whether one is an insider is a mixed question of fact and law. *Krehl*, 86 F.3d at 742. Courts must determine whether one is an insider on a case-by-case basis. *OHC Liquidation Trust v. Credit Suisse First Boston (In re Oakwood Homes Corp.)*, 389 B.R. 357, 366 (D. Del. 2008) (citation omitted).

Many non-statutory relationships have been found to be "insider" relationships. *See, e.g., Browning Interests v. Allison (In re Holloway)*, 955 F.2d 1008 (5th Cir. 1992) (former wife may be an insider); *Hirsch v. Tarricone (In re A. Tarricone, Inc.)*, 286 B.R. 256 (Bankr. S.D.N.Y. 2002) ("golfing buddy" of the debtor's principal shareholder may be an insider); *Walsh v. Dutil (In re Demko)*, 264 B.R. 404 (Bankr. W.D. Pa. 2001) (cohabitation may qualify a person as an insider); *Freund v. Heath (In re McIver)*, 177 B.R. 366 (Bankr. N.D. Fla. 1995) (live-in girlfriend may be an insider); *Rush v. Riddle (In re Standard Stores, Inc.)*, 124 B.R. 318 (Bankr. C.D. Cal. 1991) (former brother-in-law of debtor's principal may be

-16-

an insider); *Loftis v. Minar (In re Montanino)*, 15 B.R. 307 (Bankr. D.N.J. 1981) (debtor's fiancée's parents may be insiders).

The undisputed facts show that Debtors were married for twenty-two years, Debtors made no payments on the Note in the nearly four years between the time it was executed and the time Defendants were paid, and Defendants were the only creditors listed in the Judgment to be paid from the sale of Debtors' Home. Although these facts suggest that the transaction was not at arm's length, the Court deems these facts insufficient to find that Defendants were insiders as a matter of law.

Therefore, summary judgment is denied to all parties on the issue of whether Defendants were insiders of William Kogos.

### B.    Definition of a Transfer

Defendants further argue that no transfer took place because the Judgment required Defendants to be paid and, therefore, Debtors had no interest in the funds received by Defendants. Trustee argues that because Debtors received over $40,000 after the sale of Debtors' Home, it shows that they did have control over how the funds were allocated.

The Bankruptcy Code's definition of a transfer is "expansive," *Barnhill v. Johnson*, 503 U.S. 393, 400 (1992), and encompasses each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or an interest in property. 11 U.S.C. § 101(54)(D).

Defendants cite *Webster v. Hope (In re Hope)*, 231 B.R. 403, 417 (Bankr. D.D.C. 1999) and *In re Watson*, 192 B.R. 238, 241 (Bankr. D. Nev. 1996) for the proposition that property allocation by a dissolution of marriage is not a transfer of an interest of the debtor

-17-

in property, but a determination of property rights. These cases are distinguishable because they dealt with whether the allocation was a transfer as between the couple, not as to third-party creditors.

The *Watson* case was rejected by *Raleigh v. Haskell (In re Haskell)*, No. 96 B 14602, 1998 WL 809520, at *10 (Bankr. N.D. Ill. Nov. 19, 1998) (concluding that an allocation of property pursuant to a dissolution of marriage is a transfer as defined in the Bankruptcy Code). The court explained that because the definition of a transfer encompasses every mode of disposing of an interest in property, it was broad enough to encompass property divided under a dissolution of marriage. *Id.* Other courts have come to a similar conclusion. *See Corzin v. Fordu (In re Fordu)*, 201 F.3d 693, 702 (6th Cir. 1999) (holding that a property allocation pursuant to a dissolution of marriage is a transfer of property and may be challenged by the trustee); *Conti-Commodity Servs., Inc. v. Clausen (In re Clausen)*, 44 B.R. 41, 43-44 (Bankr. D. Minn. 1984) (holding a default dissolution of marriage awarding parties' home totally to wife to be a transfer).

However, the Court need not determine whether the Judgment transferred an interest of Debtors' property to Defendants. Section 101(54)(A) includes the creation of a lien in the definition of a transfer. 11 U.S.C. § 101(54)(A). The undisputed facts demonstrate that Defendants recorded the Note in DuPage County approximately one month prior to the sale, and were paid the entire balance of the Note from the sale. Neither the Judgment nor the Note itself stated that the debt was to be secured. Defendants' recording of the Note was, itself, a transfer of an interest of the Debtors in property.

-18-

Accordingly, the Court finds that there was a transfer of an interest of the Debtors in property to Defendants and grants summary judgment in favor of Trustee on this issue.

### C.   Insolvency

Trustee argues in his cross-motion for summary judgment that Debtors were insolvent on the date of the Judgment because the listed debts as well as those that were not listed were greater than Debtors' assets. Neither party addresses whether Debtors were insolvent on the date the Note was recorded. There was no evidence produced to show the balance sheet position of Debtors on any date before their bankruptcy petition filing dates. The Court must therefore deny summary judgment on the issue of insolvency because there remains a genuine issue of material fact.

### V. <u>CONCLUSION</u>

For the foregoing reasons, the Court denies both motions for summary judgment on the issues of whether Defendants were insiders of William Kogos and whether Debtors were insolvent on the date of the transfer. The Court grants Trustee's motion for summary judgment on the issue of whether payment to Defendants constituted a transfer. Trustee's motion is also granted as to all other elements of § 547. Namely, the transfer was made to or for the benefit of Defendants; the transfer was made for or on account of an antecedent debt owed by Debtors; the transfer was made between ninety days and one year of the petition date; and the transfer enabled Defendants to receive more than they would have under Chapter 7 if the transfer had not occurred. Concurrently entered herewith is the

-19-

Court's Final Pretrial Order that sets these adversary proceedings for trial on February 18, 2011 at 1:00 p.m.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021.

**ENTERED:**

DATE: 11/30/10

_John H. Squires_
United States Bankruptcy Judge

cc:   See attached Service List

## SERVICE LIST

**David R. Brown, Trustee v. Joseph Caruso and Constance Caruso**
Bankruptcy No. 10 B 05807 - Adversary No. 10 A 01317
**David R. Brown, Trustee v. Joseph Caruso and Constance Caruso**
Bankruptcy No. 10 B 00764 - Adversary 10 A 01318

Joshua D. Green, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

Charles S. Stahl, Jr., Esq.
Swanson, Martin & Bell, LLP
2525 Cabot Drive, Suite 204
Lisle, IL 60532

William T. Neary, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604